1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    BRANDON LA'SHAUN TAYLOR,              No.  2:20-CV-0356-DMC-P

12                  Plaintiff,

13            v.                             ORDER

14    SOLANO COUNTY CONFLICT
      DEFENDER'S OFFICE,
15
                    Defendant.
16

17

18            Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

19    42 U.S.C. § 1983.  Pending before the Court is plaintiff's complaint (ECF No. 1).

20            The Court is required to screen complaints brought by prisoners seeking relief

21    against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

22    § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or

23    malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

24    from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

25    the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

26    statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This

27    means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d

28    1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the

                                              1

complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

In this case, plaintiff names as the only defendant the Solano County Conflict Defender's Office.  See ECF No. 1, pgs. 1-2.  Plaintiff states his claim concerns "the right to counsel."  Id. at 3.  In their entirety, plaintiff's factual allegations are as follows:

> The Public Defender's Office of Solano County referred me to the Conflict Defender's Office because of a conflict of interest and the Conflict Defender's Office refused to represent me leaving me without any counsel.

Id. at 3.

When a state prisoner challenges the legality of his custody and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam).  Thus, where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, or the result of a prison disciplinary hearing resulting in imposition of a sanction affecting the overall length of confinement, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding.  See Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 claim not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor); Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (concluding that § 1983 claim not cognizable because allegations of procedural defects were an

2

attempt to challenge substantive result in parole hearing); cf. Neal, 131 F.3d at 824 (concluding

that § 1983 claim was cognizable because challenge was to conditions for parole eligibility and

not to any particular parole determination); cf. Wilkinson v. Dotson, 544 U.S. 74 (2005)

(concluding that § 1983 action seeking changes in procedures for determining when an inmate is

eligible for parole consideration not barred because changed procedures would hasten future

parole consideration and not affect any earlier parole determination under the prior procedures).

        Here, plaintiff's allegations are too scant and vague to allow the Court to

determine whether the action may proceed or whether it is barred by the Heck rule discussed

above. It currently appears on the fact alleged that plaintiff believes he received ineffective

assistance of counsel in the context of a criminal proceeding. If so, and if the conviction led to

plaintiff's current incarceration and has not either been expunged or overturned, plaintiff's claim

would not be cognizable in this § 1983 action. Plaintiff will be provided an opportunity to file an

amended complaint which provided further facts concerning his claim.

        Because it is possible that the deficiencies identified in this order may be cured by

amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire

action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is

informed that, as a general rule, an amended complaint supersedes the original complaint. See

Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to

amend, all claims alleged in the original complaint which are not alleged in the amended

complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if

plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make

plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be

complete in itself without reference to any prior pleading. See id.

        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See

Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how

each named defendant is involved, and must set forth some affirmative link or connection

between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d

3

164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1.      Plaintiff's complaint is dismissed with leave to amend; and

2.      Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated: March 23, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

4